# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| CHARLES A. TREECE | CIVIL ACTION NO. 04-1420 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on June 23, 2004 by *pro se* petitioner Charles A. Treece. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana where he is serving a thirty-five year sentence imposed following his 1995 armed robbery convictions in the Orleans Parish Criminal District Court. Petitioner attacks his February 2004 conviction in prison disciplinary proceedings at the ACC which resulted in, among other things, the forfeiture of 120 days of "good time."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

## *Statement of the Case*

Petitioner applied for clemency and was afforded a hearing before the Louisiana Pardon Board on February 3, 2004. At the conclusion of the hearing, clemency was denied. Petitioner claims to have made the following statement to the board at the conclusion of the hearing, "The

shame lies on the court and pardon board." Shortly thereafter, Irvin Magri, then chairperson of the Louisiana Pardon Board contacted ACC Program Director Vidrine and complained that petitioner had told the Board to "... go to hell..." at the conclusion of the hearing. As a result of this report, petitioner was charged with Disciplinary Rule #3, defiance.[1] A disciplinary hearing was convened on February 9, 11, and 18, 2004. At the conclusion of the hearing, the Board found petitioner guilty as charged and sentenced him to forfeiture of 120 days of "good time" and other lesser sanctions. [doc. 1-2, p. 16]

On February 24, 2004 petitioner appealed the disciplinary board conviction and argued two claims for relief, (1) insufficiency of the evidence and hearsay evidence; and, (2) excessiveness of sentence. [doc. 1-2, p. 18] The appeal was assigned Decision Number ALN-04-052. On March 18, 2004, Warden Andrews denied the appeal and noted,

> The inmate contends that his conviction was based on hearsay information. The recording of the Parole Board Hearing and the Trip Officer's testimony will show that he did not make the statements attributed to him. In addition, the sentence was excessive considering his age, health and overall disciplinary record. Upon review, Trip Officer A.J Fontenot stated that he was unable to hear everything inmate said when he made his statement at the end of the hearing. However, Sgt. Fontenot stated that inmate leaned toward the microphone and made a comment to the Parole Board. Sgt. Fontenot stated that the only thing he was able to understand was something about the 'system'. Therefore, the escorting officer was unable to hear everything that was said by inmate to the Board, so his testimony does not establish the innocence of the inmate. That

---

[1] Louisiana Administrative Code, Title 22, Part I, §365(D) provides in part, "Defiance (Schedule B). No inmate shall commit or threaten physically or verbally to commit bodily harm upon an employee, visitor, guest or their families... No inmate shall curse or insult an employee, visitor, guest or their families. No inmate shall threaten an employee, visitor, guest or their families in any manner, however, an inmate may advise an employee of planned legal redress even during a confrontational situation (although an inmate's behavior in such a situation shall not be disrespectful or violate any other disciplinary rule.) No inmate shall obstruct or resist an employee who is performing his proper duties. No inmate shall try to intimidate an employee to make the employee do as the inmate wants him to do. An employee, visitor, guest or their families shall not be subject to abusive conversation, correspondence, phone calls, or gestures. R.S.15:571.4 and Department Regulation No. B-04-005 'Forfeiture of Good Time from Inmates who Escape or Commit Battery on an Employee' may provide for forfeiture of good time in addition to the provisions of these procedures."

leaves inmate's word against that of the Parole Board Chairman Irvin Magri. In the absence of other evidence, the Chairman's word prevails. The fact that the report was written three days after the incident is irrelevant. Inmate is required to receive a written copy of the disciplinary report at least 24 hours before the hearing begins. An inmate also has the right to a hearing within 72 hours of placement in Administrative Segregation. Inmate was afforded both of these due process rights. The sentence of 120 days forfeiture of goodtime, imposed and custody change to maximum was within the guidelines of Schedule B sanction and appropriate for the seriousness of this infraction. [doc. 1-2, p. 24]

Petitioner appealed this decision to LDOC Secretary. On May 21, 2004, the Secretary denied the appeal and found,

On appeal, the inmate argues insufficient evidence and hearsay. He also contends that sentence is excessive. The inmate raised no other issues of merit in defense. We have considered the appellant's arguments and the decision rendered by the Warden. Upon review, we find the disciplinary report to be clear, concise and to provide convincing evidence of the violation of defiance. The employee's eyewitness account of the incident provides sufficient evidence for the finding [of] guilt. The defendant has not provided any evidence to substantiate the claim of a false report. The inmate offered no evidence to refute the charges. The accused was given a complete hearing that afforded him due process of law. Based on the seriousness of the offense, the sanctions imposed were appropriate. For the foregoing reasons, we agree with the decision of the Warden and the Disciplinary Board. [doc. 1-3, p. 25]

On June 23, 2004, petitioner filed the instant *habeas* petition. On January 14, 2005, the undersigned authored a Report recommending the dismissal of the *habeas corpus* petition without prejudice because petitioner had not first exhausted available state court remedies. [doc. 6] (The undersigned also noted that in addition to the *habeas corpus* claims, the petitioner's pleadings raised civil rights claims. These claims were severed and filed as a separate suit. [doc. 7; See also *Charles A. Treece v. O.Kent Andrews, Warden*, No.2:05-cv-00080.[2])]

On March 14, 2005 Judge Minaldi adopted the Report and Recommendation and ordered

---

[2] On July 8, 2005, the undersigned authored a Report recommending dismissal of the civil rights claims as frivolous. [doc. 8] On August 23, 2005, Judge Patricia Minaldi accepted the recommendation and entered a judgment dismissing the civil rights claims. [doc. 10] Petitioner appealed and the matter is presently pending in the United States Fifth Circuit Court of Appeals. [doc. 11] See also *Charles A. Treece v. O.Kent Andrews, Warden*, No. 05-30895, United States Fifth Circuit Court of Appeals.

dismissal of petitioner's *habeas* claims without prejudice since petitioner had not exhausted available state court remedies prior to filing his federal suit. [doc. 11]

On May 5, 2005 petitioner filed a *pro se* petition in the Nineteenth Judicial District Court, East Baton Rouge Parish, seeking review of the disciplinary conviction ALC-2004-052. This suit was assigned docket number 532018. [doc. 12, Exhibits, "Notice of Filing"] On some unspecified date the Nineteenth Judicial District Court denied relief[3] and on or about June 21, 2005 petitioner filed pleadings in the Louisiana Supreme Court.[4] These pleadings, raising unspecified claims, were assigned Supreme Court docket number 2006-CI-8. [doc. 12, Exhibits] On June 2, 2006 the Louisiana Supreme Court denied writs. See *Charles A. Treece v. Terry Terrell*, Warden, No. 2006-0008, (La. 6/2/2006), 929 So.2d. 1248.

On June 16, 2006 petitioner filed a "Motion to Reinstate Habeas Corpus Which Was Denied Without Prejudice January 14, 2005." [doc. 12-1] Among other things, petitioner alleged, "The Federal Courts only require that I bring this Habeas to the States Highest Court, so due to the fact that the lower courts do not recognize this action as a Habeas Corpus Action, this Petitioner has no choice but to enter his action into this court for there is no other relief available to this Petitioner." [doc. 12-1, p. 5]

*Law and Analysis*

*Habeas corpus* provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release.

---

[3] Petitioner has not provided copies of the petition he filed in the Nineteenth Judicial District Court; nor has he produced a copy of the judgment denying relief.

[4] Petitioner did not provide a copy of his Supreme Court writ application.

See *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998). Petitioner seeks the restoration of 120 days of good time credits forfeited by the ACC Disciplinary Board; as such, he challenges the duration of his confinement and seeks a speedier release from custody.

This pleading should be construed as an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 and not §2254, because petitioner does not seek to undo his Louisiana state court conviction (as would be the case in a §2254 *habeas*), but instead to correct the alleged unconstitutional actions of the prison authorities that have resulted in the forfeiture of his good time credits. See 28 U.S.C. 2241(c)(3); see also *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that § 2241 is the proper vehicle to attack the manner in which a sentence is being executed). It is therefore recommended that the complaint be construed as an Application for Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2241 since petitioner seeks only the restoration of those forfeited good time credits.

*Exhaustion of Available State Court Remedies*

Federal law requires state prisoners to exhaust available state court remedies as to each and every ground upon which entitlement to *habeas corpus* relief is claimed whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). This rule of exhaustion, while not mandated by §2241, is a jurisprudential rule based on notions of federalism and comity. Federalism and comity demand that the state courts be afforded a fair opportunity to hear and consider *habeas*

*corpus* claims raised by state prisoners before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court <u>in a procedurally proper manner</u>. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988) (emphasis supplied). This total exhaustion rule promotes comity but does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Since petitioner seeks the reinstatement of forfeited good time credits, and since such reinstatement would result in a speedier release from custody he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that presents unexhausted grounds for relief. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Petitioner made no attempt to exhaust available state court remedies prior to filing this suit; accordingly, it was dismissed without prejudice to allow petitioner the opportunity to properly exhaust state court remedies. Petitioner has now returned to court requesting the reinstatement of his *habeas* suit, but the record establishes that he has still not exhausted his state court remedies. Under Louisiana law, petitioner was entitled to seek judicial review of the

allegedly unlawful disciplinary proceedings. La. R.S.15:1177[5] provides in part:

> A. <u>Any offender who is aggrieved by an adverse decision,</u>[6] excluding decisions relative to delictual actions for injury or damages, <u>by the Department of Public Safety and Corrections</u> or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part <u>may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located</u>, in the manner hereinafter provided:
>
> (1)(a) Proceedings for review may be instituted by filing a petition for review in the district court within thirty days after receipt of the notice of the final decision by the agency or, if a rehearing by the agency is had or ordered by the court, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all defendants, as provided by law.
>
> (b) <u>In a judicial review of a disciplinary action taken against an offender by the Department of Public Safety and Corrections or a contractor operating a private prison facility, the only proper party defendant is the department.</u>
>
> \* \* \*
>
> 9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
> (a) In violation of constitutional or statutory provisions.
> (b) In excess of the statutory authority of the agency.
> (c) Made upon unlawful procedure.
> (d) Affected by other error of law.

---

[5] The Louisiana Supreme Court declared this statute unconstitutional, but only insofar as it purported to divest the Louisiana District Courts of original jurisdiction over tort actions. See *Pope v. State*, 1999-2559 (La. 6/29/01), 792 So.2d 713, *rehearing denied* 8/31/2001. (To the extent the statute permits the Department of Public Safety and Corrections to exercise original jurisdiction in tort actions it violates Article V, § 16A of the Louisiana Constitution, which vests district courts with original jurisdiction over all civil and criminal matters, and it is unconstitutional.) The remaining portions of the statute have thereafter survived constitutional scrutiny. Compare *Ferrington v. Louisiana Dept. of Corrections*, 315 F.3d 529 (5th Cir. 2002).

[6] As shown above, petitioner exhausted the administrative remedies available to him.

> (e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
> (f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
>
> (10) <u>An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.</u> (emphasis supplied).

Petitioner presented his claim to the Nineteenth Judicial District Court; however, when that court denied relief, petitioner was required by Louisiana law to appeal that decision to the Louisiana First Circuit Court of Appeals. See LSA- R.S.15:1177(A)(10); see also *Madison v. Ward*, 2000-2842 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245, 1254 (Corrections Administrative Remedy Procedure (CARP) is exclusive remedy for disciplinary actions in which prisoner's good time is forfeited or where punishment involves condition of confinement; appellate jurisdiction for these claims rests sequentially with district court and Court of Appeal.)

Petitioner sought review in the District Court but when that court denied relief he failed to avail himself of his right to appeal that decision to the First Circuit Court of Appeals. Instead, he sought review of the District Court's decision by filing a writ application in the Supreme Court. Thus, while petitioner apparently presented his claims to the highest court in Louisiana, he did not do so in a procedurally correct manner. His claims remain unexhausted.

Of course, it is likely that petitioner cannot now properly exhaust his claims in the Louisiana courts. The delays for filing an appeal in the First Circuit Court of Appeals have long expired. *See* LSA C.C.P. art. 2087.

While it thus appears that petitioner's claims remain unexhausted, they could now be said to be "technically exhausted" since petitioner probably cannot now litigate those claims in

the Louisiana courts. Therefore, it is safe to conclude that state court remedies are no longer available. *Engle v. Isaac*, 102 S.Ct. 1558, 1570-71 n. 28 (1982); 28 U.S.C. §2254(c). However, these "technically exhausted" claims are now considered to be "procedurally defaulted" and subject to dismissal under the procedural default doctrine.

*Procedural Default*

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 111 S.Ct. 2546, 2553-54 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

It is clear that petitioner's claims were not exhausted because petitioner did not present them to the Louisiana Supreme Court in a "procedurally correct" manner; he bypassed the court of appeals and instead sought review of the district court's judgment in the Louisiana Supreme

Court. Therefore, these claims have been, for all practical purposes, procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from *habeas* review").

### *Cause and Prejudice or Actual Innocence*

The procedural default bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Coleman*, 501 U.S. at 750 (quoting, *Wainwright v. Sykes*, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." <u>*Fairman v. Anderson*</u>, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new

evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner offers no such evidence of actual innocence.[7]

In order for a *habeas* petitioner to avoid a procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor <u>external to the defense</u>" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488) (emphasis supplied). In this case, petitioner can only fault himself for failing to present his claims to the Louisiana courts in a procedurally correct manner.

In any event, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003). Even if petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Supreme Court (or any court) would have ruled favorably on his defaulted claims.

In short, the *habeas corpus* claims presented herein were not properly exhausted because these claims were not litigated in the Louisiana Supreme Court in a timely and procedurally correct manner. These claims, however, are now technically exhausted since petitioner probably cannot now litigate these claims in the courts of Louisiana. These technically exhausted claims are now procedurally defaulted. Since petitioner can show neither cause nor prejudice nor actual

---

[7] Petitioner, of course, asserts his actual innocence. Nevertheless, for the purposes of this Report and Recommendation, the undersigned finds that petitioner has not submitted sufficient evidence of "actual innocence" so as to defeat the dismissal of petitioner's technically exhausted but procedurally defaulted claims.

innocence, his *habeas corpus* claims may be dismissed with prejudice as procedurally defaulted.

*The Merits*

Notwithstanding petitioner's procedural default of his claims, the undersigned recommends dismissal on the merits.

Petitioner has not shown that the challenged forfeiture of accumulated good time was in violation of the United States Constitution. Accordingly, he is not entitled to federal *habeas corpus* relief. In order to prevail in a federal *habeas corpus* proceeding, a state prisoner must show that his due process rights were violated during the state prison disciplinary process. The United States Supreme Court outlined the minimum process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that prison disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply; the Court did, however, mandate the following as minimal due process requirements: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence (when such presentation is not unduly hazardous to institutional safety or correctional goals); and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

Petitioner does not contend that he was denied any of the minimal procedural due process protections established by *Wolff.* Instead, he complains that he is entitled to relief because the Disciplinary Board relied upon insufficient evidence when it found him guilty of defiance and because the sentence imposed was excessive.

The findings of the prison disciplinary hearing may not be disturbed unless they are determined to have been arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th

Cir.1995). Nor may federal *habeas* courts review the sufficiency of the evidence since a finding of guilt in a prison disciplinary hearing requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.1986); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir.1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). In other words, "[P]rison disciplinary proceedings will be overturned only where there is <u>no evidence whatsoever</u> to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir.1994). "[T]he requirements of due process are satisfied if <u>some evidence</u> supports the decision by the prison disciplinary board to revoke good-time credits." *Superintendent, Massachusetts Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)(emphasis supplied).

Consequently, in order to prevail in his challenge to the complained of disciplinary proceeding, petitioner must establish that there was <u>no evidence</u> to support the disciplinary adjudication. He cannot meet this burden as there clearly was <u>some evidence</u> to support the adjudication. As shown above, the Board relied upon the statement of Chairman Magri which directly contradicted petitioner's version of the events in question.

Conclusion

Petitioner's civil rights complaint should be construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241. This *habeas corpus* petition may be dismissed because petitioner failed to exhaust available state court remedies prior to filing suit. Nevertheless, dismissal on the merits is recommended because the pleadings and exhibits reveal "some evidence" of petitioner's guilt. Therefore relief should be denied.

*A.* ***Freedom of Speech***

Petitioner also complains that the disciplinary conviction violated his First Amendment

right to freedom of speech. He implies that the defendants violated his First Amendment right to express his opinions to the Parole Board. Of course, petitioner does retain, in a general sense, a right to criticize state officials. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.1986) (quoting *Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (5th Cir.1982)) ("[P]rison officials [are] prohibited from 'retaliation against inmates who complain of prison conditions or official misconduct.' "). But, to succeed in this claim, petitioner must do more than point to the existence of a generic First Amendment right. He must also establish that he exercised that right <u>in a manner consistent with his status as a prisoner</u>.

In *Adams v. Gunnell*, 729 F.2d 362, 367-68 (5th Cir.1984), a prison disciplined inmates for collaborating in a prison-wide petition. While recognizing that prisoners may exercise a variety of First Amendment rights, the court reasoned, nevertheless, that where internal grievance procedures are available, a prison may proscribe the use of internally circulated petitions if it believes they contain the potential for inciting violence. *Id.* at 368 (citing *Jones*, 433 U.S. at 128, 97 S.Ct. at 2539). *Adams* confirms the prison administration's authority to circumscribe the manner in which criticism is exercised.

Thus, prison officials may legitimately punish inmates who verbally confront authority without running afoul of the First Amendment. See *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir.1993) (recognizing that a "prison has a legitimate penological interest in punishing inmates for mocking and challenging correctional officers by making crude personal statements about them...").

Petitioner's attack on the constitutionality of the prison disciplinary rule in question[8] is thus clearly without merit.

### B. *Excessiveness of Sentence*

Finally, petitioner complains that the sentence imposed was excessive. Wide discretion is accorded sentencing decisions, and claims arising out of such decisions are not generally constitutionally cognizable. *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir.1987). A petitioner is entitled to relief from a sentence where he is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *Id.* at 923-24. The sentence complained of herein is within the regulatory limits. Further, a federal *habeas* court will not upset a state sentence within statutory limits unless it is so disproportionate to the offense as to be completely arbitrary and shocking. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir.1975); see also *Smallwood v. Johnson*, 73 F.3d 1343, 1347 (5th Cir.1996), *cert. denied*, 519 U.S. 883, 117 S.Ct. 212, 136 L.Ed.2d 146 (1996) (emphasizing that a federal court will not review a state sentencing without a threshold showing that the sentence is "grossly disproportionate to the offense.") Petitioner has made no such showing. The loss of good time credits and other sanctions is neither arbitrary nor shocking.

Accordingly,

**IT IS RECOMMENDED** that the motion to reinstate be granted.

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** on the merits since it plainly appears from the face of the pleadings that the petitioner is not entitled to relief; in the alternative,

---

[8] Petitioner attacks the rule both as written (see doc. 12-1, p. 8) and as applied (id.). Neither theory has merit.

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 19, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE